RECEIVED
USDC, CLERK, CHARLESTON, S'

2008 AUG 22 P 1: 05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gertrude Coretta Fennell Hamilton, | C. A. No. 2:07-2782-PMD-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Dayco Products, LLC, and Mark IV Industries, | |
| Defendants. | |

This employment discrimination brought pursuant to the Americans with Disability Act (ADA), 42 U.S.C. § 12101 et. seq., for wrongful termination is before the undersigned United States Magistrate Judge for a Report and Recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b)(2)(i).

The defendants' motion for summary judgment was filed on May 28, 2008. Defendants seek judgment as a matter of law on Plaintiff's claim, but they do not appear to seek judgment on their counterclaim against the plaintiff. Plaintiff opposed the motion on June 20, 2008, and the defendant filed a reply on June 27, 2008. Discovery is closed. Oral argument on the motion was had before the undersigned on July 30, 2008. At that time the plaintiff was ordered to supplement the record with information regarding her damages. Plaintiff filed a supplemental brief on

August 8, 2008, to which the defendants replied on August 18, 2008. Hence it appears that consideration of the motion is appropriate.

The plaintiff, Gertrude Coretta Fennell Hamilton, sued[1] her former employers Dayco Products, L.L.C., and Mark IV Industries, Inc., on August 13, 2008, and alleged that she was illegally terminated in violation of the ADA and because she filed a Workers' Compensation claim. On October 11, 2007, the defendants answered the complaint and brought a counterclaim for conversion and unjust enrichment, which counterclaim the plaintiff answered on October 27, 2007.

The plaintiff brought the following causes of action against the defendants:

> 1. violation of the ADA because she was regarded as disabled, could perform the major functions of her job, and was discharged.
>
> 2. violation of S.C. Code Ann. §41-1-80 for wrongful discharge in retaliation for having filed a Workers' Compensation claim.

In her brief filed in opposition to the defendant's motion, the plaintiff withdrew the second cause of action for wrongful discharge in retaliation for having filed a Workers' Compensation claim. The defendants did not oppose the motion and the second

---

[1] Plaintiff also named Liberty Mutual Insurance Co. as a defendant but voluntarily dismissed that defendant on November 4, 2007, following that defendant's motion to dismiss filed on September 26, 2007. Liberty Mutual Insurance Co. should be dismissed from the action on that basis.

2

cause of action should be dismissed on that basis.

## SUMMARY JUDGMENT STANDARD

To grant a motion for summary judgment, this court first must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party bears the burden of proof at trial. Celotex Corp. v. Cattrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-23 (4th Cir. 1990). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. CenTra, Inc., 947 F.2d 115, 119 (4th Cir. 1991); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Unsupported speculation is not enough to

withstand a motion for summary judgment. <u>Ash v. United Parcel Service, Inc.</u>, 800 F.2d 409, 411-12 (4th Cir. 1986).

## AMERICANS WITH DISABILITIES ACT LAW

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to ... discharge." 42 U.S.C. § 12112(a). The term "qualified individual with a disability" is defined by the ADA as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

In turn, the plaintiff may demonstrate that she suffered from a "disability" at the time of her discharge in one of three different ways, any one of which can trigger the statute's protections. The ADA states: (t)he term "disability" means, with respect to an individual-(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2). Since the statute defines "disability" for each of subparts (A), (B), and (C) "with respect to the individual," the statute's individualized focus requires courts to make a case-by-case determination of whether a plaintiff has a disability. <u>See</u>,

4

Cline v. Wal-Mart Stores Inc., 144 F.3d 294, 302 (4th Cir. 1998).

To establish a *prima facie* case under this provision, a plaintiff must show that (1) she is within the ADA's protected class, that is, she has a disability, (2) she was discharged (3) at the time of her discharge she was performing her job at a level that met her employer's legitimate expectations (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. See, Haulbrook v. Michelin N. America, 252 F.3d 696, 702 (4th Cir. 2001); Williams v. Channel Master Satellite Sys., Inc., 101 F.3d 346, 348 (4th Cir. 1996) (per curium).

Here, the plaintiff filed an exhibit in support of her affidavit which indicated that she believed that the defendants "regarded [her] as being disabled ... in violation of the United States Americans with Disabilities Act of 1990, as amended." (Pl. ex. 5) An individual is regarded as being disabled if she is regarded or perceived, albeit erroneously, as having an impairment that substantially limits one or more of her major life activities. 42 U.S.C. § 12102(2) (West 1995). One may be "regarded as" disabled under the ADA if either "(1) a covered entity mistakenly believes that [one] has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major

life activities." Sutton v. United Air Lines, Inc., 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). The fact that an employer is aware of an employee's impairment, without more, is "insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action." Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d Cir. 1996).

## FACTS

In the case at bar, the relevant facts taken in a light most favorable to the plaintiff as the nonmoving party with all reasonable inferences drawn in favor of the plaintiff, to the extent supported by the record, are as follow.

The plaintiff began her employment with the defendant on November 20, 1976. She last worked as a quality control specialist making $57,500 annually.

On May 20, 2005, she suffered a workplace accidental injury to her right arm. She applied for Workers' Compensation benefits that day. From May 23, 2005 through July 12, 2005, the doctor restricted her to "modified duty", and on July 12, 2005, the doctor restricted her to "alternate work." Next, the doctor restricted her to "alternate work" with no use of her upper right extremity from August 5, 2005, through October 5, 2005. On August 29, 2005, a MRI exray revealed a right shoulder torn rotator cuff.

On September 15, 2005, the Workers' Compensation Commission determined that Plaintiff was disabled as of that date. The defendant placed the plaintiff on paid leave of absence on the same day and indicated in writing to the plaintiff that, "To avoid confusion of possible disciplinary action please notify the Human Resources Department when your doctor releases you to return to work." Plaintiff never notified Defendant that any doctor released her to return to work. In late 2005 Doctor Johnson wrote that Plaintiff could not return to work until after she had surgery on her rotator cuff.

Aetna Insurance Company determined that the plaintiff was entitled to long term disability benefits because she was "unable to perform the material duties of [her] own occupation solely due to [her] injury" as of March 16, 2006.

After 41 weeks of paid leave the defendants terminated Plaintiff's employment on June 29, 2006, because she could not work. That same day the plaintiff filed an application for Social Security Disability Insurance Benefits and for the aforementioned benefits under the defendant company's group Disability Insurance policy from Aetna.

On August 4, 2006, Plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission which read, "I therefore believe I was discriminated against because I was regarded as disabled in violation of SCHA law, as

amended, and in violation of the United States ADA Act of 1990, as amended" because she was discharged.

Plaintiff has never had surgery for her injury and has not sought other work.

## **DISCUSSION**

A review of the record and relevant case law indicates that the defendants are entitled to summary judgment on the plaintiff's ADA cause of action because the plaintiff cannot show that she could perform the essential functions of her job when she was terminated.

Assuming that Plaintiff is protected under the Act, Plaintiff's claim fails because there is no genuine material question of fact of whether, at the time of her termination, she could "with or without reasonable accommodation perform the essential functions of the employment position that [she] holds." 42 U.S.C. § 12111(8).

Here, Plaintiff deposed that she has not sought work after her termination because her pain, headaches, and "tears or depression feelings" prevent her from performing full time employment "with anyone." (Pl. dep. pg. 23-24). She admits that she could not perform her job when she was terminated and that her condition has not changed. (Pl. dep. 23-24, 38-40, 67-68). She admitted that Dr. Johnson restricted her to "no work" until after she had surgery on her torn rotator cuff, and she has never

had the surgery. (Pl. dep. pg. 24, 25).

Additionally, it is undisputed that Plaintiff applied for Social Security Disability Insurance (SSDI) benefits on June 26, 2006, and in doing so alleged that she was disabled from performing any substantial gainful activity[2] including her past relevant work. She represented that she was disabled as of the date she was placed on Workers' Compensation leave by the defendants, September 15, 2005, which was over nine (9) months prior to the termination of which she complains. This would appear to directly contradict the element of a valid ADA claim which requires evidence that she could perform the essential elements of her job with or without a reasonable accommodation at the time she was fired.

It also appears that the defendants' assertion that Plaintiff's ADA claim is therefore judicially estopped is correct. The doctrine of judicial estoppel prevents a party from adopting a position in a legal proceeding contrary to a position successfully argued in an earlier legal proceeding. Judicial estoppel is "an equitable concept providing that a party who prevails on one ground in a lawsuit may not ... in another lawsuit repudiate that ground." See, e.g., United States v.

---

[2] Social Security Disability Insurance provides monetary benefits to persons who have a "disability" defined as a severe impairment which prevents the applicant from doing her previous work or from engaging in any other kind of gainful work which exists in the national economy. See 42 U.S.C. §423(d)(2)(A).

Hook, 195 F.3d 299, 306 (7th Cir. 1999) (quoting Ogden Martin Systems of Indianapolis v. Whiting Corp., 179 F.3d 523, 526 (7th Cir. 1999) (internal quotation marks omitted)). The purpose of this doctrine is to protect the integrity of the judicial process. New Hampshire v. Maine, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

The Supreme Court has found that applicants' claims of being disabled on SSDI applications do not automatically judicially estop ADA claims. In Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999), the Court held that, "[D]espite the appearance of conflict that arises from the language of the two statutes, the two claims do not inherently conflict to the point where courts should apply a special negative presumption ... . That is because there are too many situations in which an SSDI claim and an ADA claim can comfortably exist side by side." Cleveland, 526 U.S. at 802-03, 119 S.Ct. 1597. This is so, the Court reasoned, because the ADA allows for "reasonable accommodation" of the disability, while the Social Security Administration does not when determining SSDI eligibility. Id. at 803, 119 S.Ct. 1597. As the Seventh Circuit noted in Feldman v. American Memorial Life Insurance Co., 196 F.3d 783 (7th Cir. 1999), "Sufficient divergence exists between the definitions of 'disability' under the ADA and SSDI that, in some circumstances, an individual can claim truthfully both that

she is unable 'to engage in any substantial gainful activity' under the SSDI but is also a 'qualified individual with a disability' under the ADA." Feldman, 196 F.3d at 790.

Such is not always the case, however. The Court noted in Cleveland that "in some cases an earlier SSDI claim may turn out genuinely to conflict with an ADA claim." Cleveland, 526 U.S. at 805, 119 S.Ct. 1597. The Court further stated:

> Summary judgment for a defendant is appropriate when a plaintiff "fails to make a sufficient showing to establish the existence of an element essential to [her] case on which [she] will bear the burden of proof at trial." ... And a plaintiff's sworn assertion in an application for disability benefits that she is, for example, "unable to work" will appear to negate an essential element of her ADA case[-that she can perform the essential functions of her job]-at least if she does not offer a sufficient explanation. For that reason, we hold that an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation.

Id. at 805-06, 119 S.Ct. 1597 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

The Court defined what constitutes a "sufficient explanation" for the apparent contradiction:

> To defeat summary judgment, [an] explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless "perform the essential functions" of her job, with or without "reasonable accommodation."

11

Id. at 807, 119 S.Ct. 1597.

Here, Plaintiff has offered no evidence whatsoever to explain the apparent contradiction. In fact she actually concedes that by the time she was terminated she could not perform the essential functions of her job with or without a reasonable accommodation. Plaintiff here merely argues that:

> The Defendant is placed the plaintiff on "workers' compensation" leave. (Sic). The Plaintiff has always represented that she was able to perform the essential functions of her position at the time of her accident and immediately thereafter. However, due to the Defendant's actions of delaying workers' compensation treatment and increasing the physical requirements of the Plaintiff's position the Plaintiff's job became more difficult. The Plaintiff's long term disability claim was not approved until March 2006. It was only after being placed on medical leave that the Plaintiff's condition became such that she was unable to perform any substantial gainful activity as represented to the Social Security Administration. The Plaintiff's condition became such that due to the medication from Doctors and complications she has become disabled.

(Pl. brief in opposition to the defendants' motion for summary judgment at pg. 13).

Keeping in mind that the Plaintiff's ADA claim is for illegal termination and not for failure to reasonably accomodate[3], it appears that she cannot show that when fired she

---

[3] Plaintiff's illegal termination claim is also undermined by the fact that she seeks damages only for the period from September 15, 2005, her SSDI onset date, through February 15, 2006, when she received her first SSDI benefit check. Her alleged illegal termination occurred later on June 29, 2006. (Plaintiff's supplement on damages filed August 8, 2008).

could perform the essential functions of her job. Therefore, she is not within the protections of the ADA. She simply cannot establish elements of her cause of action on which she bears the burden of proof. See, e.g., Opsteen v. Keller Structures, Inc., 408 F.3d 390, 392 (7th Cir. 2005) (" [A] person who applied for disability benefits must live with the factual representations made to obtain them, and if these show inability to do the job then an ADA claim my be rejected without further inquiry.").

## CONCLUSION

Accordingly, since the plaintiff failed to establish that she was a "qualified individual" at the time of her discharge, the defendants are entitled to judgment as a matter of law on the ADA cause of action. Further, the plaintiff's claim that she was illegally discharged in retaliation for having filed a Workers' Compensation claim should be dismissed on the plaintiff's unopposed motion. Lastly, the defendants' counterclaim appears to be ready for trial.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

August 22, 2008

13